IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------------X
HALLMARK LICENSING, LLC,

                Plaintiff,

                                              Case No.: 24-cv-00112

   v.

THE PARTERNSHIPS and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

                Defendants.
------------------------------------------------------------------------X

**DEFENDANT KEKEDUCK'S MOTION TO
<u>VACATE DEFAULT JUDGMENT</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1
STATEMENT OF FACTS ....................................................................................................1
   I.   RELEVANT PROCEDURAL HISTORY ..................................................................1
   II.   RELEVANT FACTS................................................................................................2
ARGUMENT..........................................................................................................................3
   I.   THE JUDGMENT MUST BE VACATED PURSUANT TO RULE 60(B)(4) AS DEFENDANT WAS NOT PROPERLY SERVED AND THUS NOT SUBJECT TO THIS COURT'S JURISDICTION ...................................................................................3
      A.   Defendant Was Not Properly Served with the Complaint...............................4
         a)   The Hague Convention Applies ...................................................................4
         b)   The Hague Convention Does Not Allow for Service By E-Mail In This Case...........5
         c)   China's Objection to Service via "Postal Channels" Is An Objection to Service via E-Mail.................................................................................................8
         d)   Actual Notice of the Lawsuit Does Not Substitute Proper Service of Process. ..........9
   II.   THE JUDGMENT MUST BE VACATED BECAUSE IT VIOLATED ARTICLE 15 OF THE HAGUE CONVENTION ................................................................................10
CONCLUSION ....................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Anova Applied Elecs., Inc. v. Hong King Grp.*, Ltd.,
  334 F.R.D. 465 (D. Mass. 2020) ................................................................................................7

*Chenyan v. P'ships & Unincorporated Associations Identified on Schedule "A"*,
  No. 20 cv 00221, 2021 U.S. Dist. LEXIS 86934, 5 (N.D. Ill. May 6, 2021) .......................3

*Dugan v. Spivey Indus.*,
  No. 00 CV 3544, 2002 U.S. Dist. LEXIS 4186 (N.D. Ill. Mar. 13, 2002) ..........................4

*Dyno, LLC v. Se. Asia Direct, Ltd.*,
  2012 WL 130087 (N.D. Ill. Jan. 13, 2012).........................................................................10

*Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*,
  480 F. Supp. 3d 977 (N.D. Cal. 2020)..............................................................................7, 8

*Harris v. Browning-Ferris Industries Chemical Services, Inc.*,
  100 F.R.D. 775 (M.D. La. 1984) ........................................................................................5

*Hassebrock v. Bernhoft*,
  No. 3:10-cv-679-WDS-DGW, 2013 U.S. Dist. LEXIS 85709 (S.D. Ill. June 19, 2013)....9

*Homer v. Jones-Bey*,
  415 F.3d 748 (7th Cir. 2005) ..............................................................................................3

*Isaac Indus. v Petroquimica De Venezuela, S.A.*,
  No. 19-23113-CIV-SCOLA/GOODMAN 2022 US Dist LEXIS 36803 (SD Fla Mar. 1,
    2022)............................................................................................................................10, 11

*Kyjen Co., LLC v. Individuals*,
  2023 U.S. Dist. LEXIS 16408 (S.D.N.Y. Jan. 31, 2023) ...........................................5, 7, 9

*Lefevre v. Concord Servicing Corp.*,
  2000 WL 45457 (N.D. Ill. Jan. 11, 2000)...........................................................................3

*Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule
  "A"*,
  391 F. Supp. 3d 816 (N.D. Ill. 2019).....................................................................4, 6, 7, 9

*Mid-Continent Wood Prods., Inc. v. Harris*,

936 F.2d 297 (7th Cir. 1991) ...................................................................................9

*Moglia v. King Marine, Inc. (In re Outboard Marine Corp.)*,

369 B.R. 353 (Bankr. N.D. Ill. 2007) ....................................................................4

*Night Owl SP, LLC v. Dongguan Auhua Elecs. Co.*,

No. 2:19-cv-109-FtM-38UAM, 2019 U.S. Dist. LEXIS 178264 (M.D. Fla. Mar. 15,

2019)..................................................................................................................6, 7

*Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,

No. 23CV2965, 2024 U.S. Dist. LEXIS 111501 (N.D. Ill. June 25, 2024) .................10, 11

*Relational, LLC v. Hodges*,

 627 F.3d 668 (7th Cir. 2010)..................................................................................3

*Smart Study Co. v. Acuteye-US*,

620 F. Supp. 3d 1382 (S.D.N.Y. 2022) ......................................................6, 7, 8, 9

*Trade Well Int'l v. United Cent. Bank*,

825 F.3d 854 (7th Cir. 2016) ...................................................................................3

*Volkswagenwerk Aktiengesellschaft v. Schulunk*,

486 U.S. 694 (1988) ............................................................................................4, 7

*Water Splash, Inc. v. Menon*,

581 U.S. 271, 275, 137 S. Ct. 1504 (2017) ..........................................................6, 7

**Rules**

Fed. R. Civ. P. 4(f)(1), (2), and (3)..................................................................................5

Fed. R. Civ. P. 4(h)(2) .....................................................................................................5

Fed. R. Civ. P. 4(f)(1).......................................................................................................5

Fed. R. Civ. P. 60(b)(4) ...................................................................................................1

**Treatises**

Article 15 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters ................................................1, 12, 13, 14

Defendant kekeduck ("Defendant"), by and through their undersigned attorneys, hereby respectfully moves this Court to vacate and/or set aside default judgment (the "Motion") entered on April 25, 2024 (the "Judgment") pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(4) and Article 15 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). In support of the Motion, Defendant respectfully states as follows:

## INTRODUCTION

The Judgment is void because Plaintiff failed to properly serve the Defendant, and therefore this Court cannot exercise jurisdiction over Defendant. China is a signatory to the Hague Convention. Defendant is a Chinese entity located in China. Defendant must be served consistent with the Hague Convention, i.e., through the Chinese central authorities. In addition, the Judgment was prematurely issued in violation of Article 15 of the Hague Convention, because less than six months had elapsed between Plaintiff's improper service attempt and the issuance of the Judgment. Therefore, the Judgment is void and must be vacated.

## STATEMENT OF FACTS

I.  **RELEVANT PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on January 4, 2024. *See* DE Nos. 1 – 10. The Court entered a Temporary Restraining Order on January 11, 2024 ("TRO"), which also authorized Plaintiff to purportedly conduct service on foreign nationals via email pursuant to FRCP 4(f)(3). *See* DE No. 21. Specifically, the TRO purports to authorize Plaintiff to serve a litany of foreign national defendants by sending e-mails to addresses alleged associated with those defendants, which emails include a link to a website with information about this action. *See* DE No. 21. Plaintiff claims to

have completed service to Defendant on February 5, 2024. See DE No. 30.

On April 16, 2024, Plaintiff filed a motion for Default Judgment. See DE Nos. 49 – 52. The Court entered Default Judgment nine days later on April 25, 2024. See DE Nos. 54 and 55.

## II.     RELEVANT FACTS

Defendant is a business entity located in China with extremely limited resources. See Declaration of Liping Chen ("Chen Decl."), ¶5. Defendant only learned of this lawsuit after the default judgment was entered when its PayPal account was frozen. Id. at ¶9. Once Defendant became aware of this lawsuit, Defendant searched through the email address, guantengtrading@hotmail.com, that Plaintiff represented to be associated with Defendant, and could not find an email from Plaintiff serving the summons and complaint or any other court documents. Id. at ¶11. The email address was used to create Defendant's Amazon account and is not monitored because all communications with customers are conducted via Defendant's Amazon account itself. Id. at ¶6.

Plaintiff admits that it did not attempt to serve the Defendant through the Hague Convention in China prior to seeking authorization to serve via email. See DE Nos. 17 and 18. Rather, Plaintiff claimed the Hague Convention did not apply and merely represented that it was unable to ascertain a foreign address for Defendant. See id. Plaintiff's conclusory representation, however, is simply not true. During the meet and confer between counsels, Plaintiff's counsel provided the undersigned counsel with a PDF document purportedly confirming Defendant's infringing activity. See Chen Decl., ¶11 and Exhibit 1 to Chen Decl. On page 8 of Exhibit 1, it clearly shows the address of Defendant's principal place of business within China on its Amazon account page. Defendant's address, publicly available on Defendant's Amazon Seller profile,

patently evidences the applicability of the Convention to any service efforts upon Defendant and directly contradicts Plaintiff's representation to this Court that it was unable to ascertain a foreign address for Defendant. *See* Chen Decl., ¶6 and Exhibit 1.

Finally, Defendant did not receive notice of Plaintiff's motion for default judgment, either before it was filed with this Court or after the Judgment was entered. *See id*. at ¶8.

## ARGUMENT

**I. THE JUDGMENT MUST BE VACATED PURSUANT TO RULE 60(B)(4) AS DEFENDANT WAS NOT PROPERLY SERVED AND THUS NOT SUBJECT TO THIS COURT'S JURISDICTION**

"Under Federal Rule of Civil Procedure 60(b)(4), a movant may attack the judgment for lack of jurisdiction over the person *at any time*…" *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005) (Emphasis Supplied). If the Court lacked personal jurisdiction over a defendant, a default judgment must be vacated/set aside. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016) ("Under Federal Rule of Civil Procedure 60(b), a final judgment must be set aside if the court lacked personal jurisdiction."); *see also Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("if the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void.") "[O]nce challenged, the plaintiff bears the burden of demonstrating personal jurisdiction." *Chenyan v. P'ships & Unincorporated Associations Identified on Schedule "A"*, No. 20 cv 00221, 2021 U.S. Dist. LEXIS 86934, 5 (N.D. Ill. May 6, 2021).

A judgment is void if the defendant was not properly served with process. *Lefevre v. Concord Servicing Corp.*, 2000 WL 45457, at *2 (N.D. Ill. Jan. 11, 2000). A court lacks personal jurisdiction over a defendant if they were not properly served. As a result, a default judgment obtained after improper service is void. *Moglia v. King Marine, Inc. (In re Outboard Marine*

3

*Corp.)*, 369 B.R. 353, 358 (Bankr. N.D. Ill. 2007). A judgment that is void due to improper service can be vacated irrespective of good cause for the default, a meritorious defense to the plaintiff's complaint, and quick action to correct the default because such a judgment is void. *Id.*, at 360; *see also Dugan v. Spivey Indus.*, No. 00 CV 3544, 2002 U.S. Dist. LEXIS 4186, at *5 (N.D. Ill. Mar. 13, 2002) ("Improper service destroys a court's personal jurisdiction, making any judgment or order issued against the improperly served party void.")

In this case, the Plaintiff failed to properly serve Defendant, thus the Court cannot exercise personal jurisdiction over it. The Judgment is void and must be vacated.

### A. Defendant Was Not Properly Served with the Complaint

#### a) The Hague Convention Applies

The Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schulunk*, 486 U.S. 694 (1988). In its request to serve Defendant by email pursuant to Rule 4(f)(3), Plaintiff argued that the Hague Convention was not applicable because Defendant's mailing address was unknown. DE 17 and 18. It is Plaintiff's burden to demonstrate that the Defendant's mailing is unavailable, and must make a reasonably diligent effort to learn of Defendant's mailing address. *Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 823 (N.D. Ill. 2019) ("A Plaintiff cannot close its eyes to the obvious to avoid the Hague Service Convention; the plaintiff must make reasonably diligent efforts to learn the defendant's mailing address.") (citations omitted). In this case, Plaintiff's prior representation that Defendant's address is unknown is demonstratively false. Specifically, the Amazon webpage that Plaintiff provided to

4

Defendant as evidence of the alleged infringing activities includes the mailing address for Defendant. Chen Decl., ¶11 and Exhibit 1 at p. 8. "Once a plaintiff learns of a defendant's purposed mailing address, courts require specific proof of a 'reasonable investigation' of the address's validity before finding that it is unknown under Article 1." *Id.* Here, it does not appear that Plaintiff conducted any investigation of the mailing address that was plainly available from Defendant's Amazon webpage or establish that the mailing address was invalid. Plaintiff simply has not met its burden to establish that Defendant's address is unknown. Accordingly, the Hague Convention applies.

    b)     <u>The Hague Convention Does Not Allow for Service By E-Mail In This Case</u>

Rule 4(f)(1) states in relevant part that an individual may be served outside of the United States: "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Rule 4(f)(3) permits service by other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(h)(2) & 4(f)(1), (2), and (3). It is critical to note that Rule 4 cannot authorize service of process in a manner inconsistent with a federal treaty. *Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408, *6 (S.D.N.Y. Jan. 31, 2023) (alternative service may not be "prohibited by international agreement"); *Harris v. Browning-Ferris Industries Chemical Services, Inc.*, 100 F.R.D. 775, 777–78 (M.D. La. 1984) (explaining that "[b]ecause the Convention is specific as to how service is to be made in a foreign country and the Federal Rules are general and designed to cover all circumstances, the Court finds that the provisions of the Convention must control the manner of service" in an action where the Hague Convention applies).

Serving an entity in China via email is prohibited by the Hague Convention. *E.g.*, *Smart*

5

*Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022); *Night Owl SP, LLC v. Dongguan Auhua Elecs. Co.*, No. 2:19-cv-109-FtM-38UAM, 2019 U.S. Dist. LEXIS 178264 (M.D. Fla. Mar. 15, 2019); *Luxottica Grp. S.p.A*, 391 F. Supp. 3d at 825. There is no dispute that Defendant is based in China. See DE No. 51, ¶3, and Chen Decl., ¶4 and Exhibit 1.

Even though this Court previously granted Plaintiff's ex parte application to serve process by email, the Court did not have the benefit of a full briefing on this issue at that time. *See, e.g. Luxottica Group S.p.A.,* 391 F Supp 3d at 827-828 (granting the Defendants' motion to dismiss on the ground that service of process by email was prohibited by the Hague Convention, even though the court had previously granted the plaintiff's *ex parte* motion to serve the Defendants by email; reasoning that the order granting the plaintiff's ex *parte* motion "does not withstand scrutiny under full adversary briefing"). As discussed herein, a full briefing on this issue establishes that service of process by email on a party located in China is prohibited by international agreement (i.e. Hague Convention) and thus improper.

The plain texts of the Hague Convention make it very clear how the Hague Convention is structured. First, the authorized method of service of process is specified under Article 5 by service through a "Central Authority" designated pursuant to Article 3 in each "Contracting State." *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 275, 137 S. Ct. 1504, 1508 (2017) (finding that "[t]he primary innovation of the Hague Service Convention...is that it "requires each state to establish a central authority to receive requests for service of documents from other countries"); *see Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022).

Second, each "Contracting State" is permitted to allow additional methods of service specified under Article 10 (service through postal channels and judicial officers), and Article 11

(other methods of service mutually agreed upon) upon other Contracting States. *See Water Splash, Inc.*, 581 U.S. 271, 275–76, 137 S. Ct. at 1508; *see Smart Study Co.*, 620 F. Supp. 3d at 1392; *see Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.,* 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) also allows a "Contracting State" the option to unilaterally permit additional methods of service of process "coming from abroad," but no Article allows any "Contracting State" the option to unilaterally permit additional methods of service of process "going abroad." *See Facebook, Inc,* 480 F. Supp. 3d at 980.

Therefore, the Hague Convention prohibits all other methods of services not referenced. *See Water Splash, Inc.,* 581 U.S.at 273, 137 S. Ct. at 1507 (holding that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies"); *see Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408, *6 (S.D.N.Y. 2023 (stating that "[o]mission of a particular method of service from the Convention cannot be read to implicitly authorize that method"); *see Smart Study Co.*, 620 F. Supp. 3d at 1393 ("As numerous courts have recognized, binding Supreme Court precedent indicates that the Hague Convention outlines specific methods of service, and that methods of service that are not specifically authorized are impermissible under the Convention") (emphasis added); *see Luxottica Group S.p.A.*, 391 F. Supp. 3d at 825 (*citing Volkswagenwerk*, 486 U.S. at 699, 108 S. Ct. at 2107–08 ("The Supreme Court has stated that the drafters of the Hague Service Convention intended to prohibit a method of service not mentioned in its text") (emphasis added); *see Night Owl SP, LLC*, 2019 U.S. Dist. LEXIS 178264,at *3 (concluding that "the Hague Convention's silence on a method of service does not make it permissible"); *see also Anova Applied Elecs., Inc. v. Hong King Grp.*, Ltd., 334 F.R.D. 465, 472 (D. Mass. 2020) (reasoning that "[t]o permit service

7

by e- mail would bypass the means of service set forth in the Convention"); *see also Facebook, Inc.*, 480 F. Supp. 3d at 983 (concluding that "[u]sing a method of service that is not enumerated in the Convention would be tantamount to not applying the Convention, which is expressly prohibited") (internal quotation marks omitted).

    c)    <u>China's Objection to Service via "Postal Channels" Is An Objection to Service via E-Mail</u>

Not only has China formally objected to Article 10 allowing for service by postal channels when it joined the Convention, it has also made clear that the objection extends to email service. *E.g.*, *Smart Study*, 1392-95. Attached as **Exhibit A** is official guidance as issued by the Ministry of Justice of the People's Republic of China addressing the legality of service of documents in China through electronic mail. In the guidance, in response to the question "Can a foreign judicial body or individual directly serve documents to a person within China's borders through mail, fax or electronic mail, etc.?" the Chinese authorities unambiguously responded "No." Exhibit A at 4. The guidance goes on to explain in part that "[a]ccording to China's *Civil Procedure Law*, a foreign judicial body or individual cannot directly serve documents to a person within China. Such requests should be submitted through the channels specified by treaties or through diplomatic channels, to the Ministry of Justice or the Ministry of Foreign Affairs, for the People's Court of China to serve on their behalf." Chinese authorities have therefore explicitly stated that by objecting to service via "postal channels," Chinese authorities also object to specifically service via electronic mail. Not surprisingly, more recent cases that have carefully considered China's position on email service observed that, "[r]ecent guidance posted by Supreme People's Court of China leaves little doubt that China's objection to service by mail would encapsulate service by

8

email." *Smart Study*, at 1395; *also*, *Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408, *6 (S.D.N.Y. Jan. 31, 2023). Accordingly, recent clarification from Chinese authorities and judiciary make clear that service by email is prohibited within China. *Smart Study*, at 1395.

Allowing email service to China when it has clearly objected to Article 10 bypasses China's objection to alternative service through postal means or its equivalent, i.e., email. *Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, at 827 ("Email would bypass the methods of service the Convention authorizes, [so] the Convention preempts it as inconsistent."). For these reasons, Plaintiff's purported service to Defendant by email was in violation of the Hague Convention and improper. The default judgment is void and must be vacated.

    d)    <u>Actual Notice of the Lawsuit Does Not Substitute Proper Service of Process.</u>

The service of process on Defendant was also insufficient because Defendant had received no notice of the lawsuit from the Plaintiff. Plaintiff's effort at providing notice of this action to Defendant, purportedly performed by sending an email to a defunct email address, did not provide Defendant with notice. Through meet and confer between counsels, Plaintiff's counsel indicated that the email address from which the service would have been made would be from [attorney4@GBCInternetenforcement.net](mailto:attorney4@GBCInternetenforcement.net), however, Defendant could not locate the email referenced in Plaintiff's proof of service after conducting diligent searches. *See* Chen Decl., ¶10. Expanding the search for "GBC" or "Hallmark" did not locate the alleged service email. *Id.*

Actual knowledge of the existence of a lawsuit alone "is insufficient to confer personal jurisdiction over a defendant in the absence of a valid service of process." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). "Actual notice" cannot be a "substitute

for proper service." *Hassebrock v. Bernhoft*, No. 3:10-cv-679-WDS-DGW, 2013 U.S. Dist. LEXIS 85709, at *5 (S.D. Ill. June 19, 2013). Courts have consistently vacated default judgments where service was improper. *See*, *e.g.*, *Dyno, LLC v. Se. Asia Direct, Ltd.*, 2012 WL 130087, at *2 (N.D. Ill. Jan. 13, 2012) (setting aside default judgment because service upon a corporation's attorney, who was neither an officer or agent of defendant, was improper). While Defendant did not have actual notice of the lawsuit, even if it had known of the lawsuit, default judgment must be vacated due to Plaintiff's improper service by email, rather than following the procedures set forth in the Hague Convention.

## II. THE JUDGMENT MUST BE VACATED BECAUSE IT VIOLATED ARTICLE 15 OF THE HAGUE CONVENTION

Even assuming service by email on Defendant was proper, the default judgment must be vacated as it violated Article 15 of the Hague Convention. Under Article 15 of the Hague Convention, a party may move for a default judgment only if "a) the document was transmitted by one of the methods provided for in this Convention, b) *a period of time of not less than six months*, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document, and c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed." *Isaac Indus. v Petroquimica De Venezuela, S.A.*, No. 19-23113-CIV-SCOLA/GOODMAN 2022 US Dist LEXIS 36803, at *14 (SD Fla Mar. 1, 2022) (Emphasis Supplied); *see also Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23CV2965, 2024 U.S. Dist. LEXIS 111501, at * 30 (N.D. Ill. June 25, 2024); and Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, art. 15, 20 U.S.T 361, at 364.

Here, assuming that the service by email was proper, Plaintiff purports to have completed service on or about February 5, 2024. See DE No. 30. A mere two months later, on April 16, 2024, Plaintiff filed a motion for Default Judgment. See DE Nos. 49 – 52. The Court entered Default Judgment nine days later on April 25, 2024. See DE Nos. 54 and 55. Accordingly, the time period from the purported service of the summons and complaint to entry of the default judgment against Defendant was less than three months. Article 15 of the Hague Convention, however, requires "a period of time not less than 6 months" from the purported service of process before the entry of a default judgment. *Isaac Indus. v Petroquimica De Venezuela, S.A.*, No. 19-23113-CIV-SCOLA/GOODMAN 2022 US Dist LEXIS 36803, at *14 (SD Fla Mar. 1, 2022); *see also Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23CV2965, 2024 U.S. Dist. LEXIS 111501, at * 30 (N.D. Ill. June 25, 2024); and Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, art. 15, 20 U.S.T 361, at 364. Defendant was not provided with the required time period before entry of a Default Judgment. Indeed, the 6 months required under Article 15 of the Hague Convention is a minimum required time period, yet in this case, default judgment as entered in less than half that time period. This is a clear violation of Article 15 of the Hague Convention and thus renders the default judgment null and void. For this reason alone, the Court should grant Defendant's motion and vacate the default judgment.

## **CONCLUSION**

Defendant respectfully requests that the court vacate the default judgment issued against it, dismiss this case against Defendant, and grant such other and further relief as the Court deems just and proper.

Dated: January 13, 2025            Respectfully Submitted,

           */s/ Anthony H. Son*
Anthony H. Son, Esq. (Bar No. 46465146)
*Of Counsel*
Email: ason@dgwllp.com
DGW KRAMER LLP
45 Rockefeller Plaza, 20th Floor;
New York, NY 10111
Tel: (213)592-1908
*Attorneys for Defendant kekeduck (29)*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 13, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's electronic case filing system. Any other counsel of record, if any, will be served by first class mail.

                                            */s/ Anthony H. Son*
                                            Anthony H. Son