IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALLMARK LICENSING, LLC, | |
| Plaintiff, | Case No. 24-cv-00112 |
| v. | **Judge Elaine E. Bucklo** |
| DONGGUAN ORUI TOYS & GIFTS CO., LTD, et al., | **Magistrate Judge M. David Weisman** |
| Defendants. | |

### DECLARATION OF DAVEN BRODESS

I, Daven Brodess, declare as follows:

1. I am a Managing Partner and Co-Founder of DTC Retail LLC ("DTC Retail"), an Amazon selling agency. I have been in this role since 2017. DTC Retail is a full-service e-commerce consulting agency that works with brands and manufacturers to grow their sales and profit on Amazon both in the United States and globally. We specialize in building traffic and converting traffic to revenue by leveraging our industry experience and close relationships with clients into holistic strategies, practical insights, and efficient execution. Our team executes and optimizes advertising, marketing, logistics, brand management, etc., to maximize Amazon sellers' market penetration and sales.

2. Prior to founding DTC Retail, I spent over four years working at Amazon in a variety of roles including management, marketing, and supply chain roles and consulting with brands to grow their businesses online. At Amazon, I gained significant experience and knowledge in buying and sourcing products, sales and operations planning, managing inventory, product advertising and marketing, product listing creation and optimization, Amazon customer experience, and strategic branding to increase product discoverability.

3. I earned a Master of Business Administration degree from the University of Western Australia, and a Bachelor of Arts degree in economics from the University of Notre Dame.

4. I have previously served as an expert witness during *Wham-O-Holding, Ltd. v. The Partnerships, et. al*, No. 20-cv-04196 (N.D. Ill.) in March of 2023, *Luxottica Group, S.p.A, et al. v. The Partnerships, et. al*, No. 22-cv-04578 (N.D. Ill.) in June of 2024, *Pit Viper, LLC v. The P'ships, et al.*, No. 23-cv-11374 (N.D. Ill.) in October of 2024, and *Pit Viper, LLC v. The P'ships, et al.*, No. 23-cv-14761 (N.D. Ill.) in October of 2024.

5. Attached hereto as **Exhibit 1** is my resume, which provides a complete list of my experience.

6. These statements are made based on the knowledge I gained from my experience working at Amazon and as Managing Partner for DTC Retail.

7. I have reviewed the filings and evidence in this case, including defendant Kekeduck's (Def. No. 29) Motion to Vacate Default Judgment [58], and the Declaration of Liping Chen [58-2] ("Chen Declaration"). Additionally, I have done my own independent review of the Defendant's Amazon seller's page, product listings, and marketing.

8. As part of the seller sign up process, sellers must provide Amazon with an "administrator" e-mail address, which is the primary e-mail address associated with the account. This e-mail is tied to the owner of the Amazon account and it receives business critical information from Amazon including infringement notices, payment disbursements from Amazon to the seller, tax information and documentation, and Amazon program updates or terms of service changes. It also receives legal notices from Amazon. Defendant's "administrator" e-mail address is guantengtrading@hotmail.com as is evidenced from the contact information supplied by Amazon and in the Chen Declaration.

9. In my experience, I have never heard of a seller not monitoring the inbox for the e-mail address chosen as the "administrator" e-mail for their business. Not only is this the official e-mail address that Amazon has on file for sellers, but by default it is the e-mail address that receives communications from Amazon. Regularly monitoring this e-mail is necessary to operating the account.

10. Regarding infringement notices, generally, when an infringement claim is made to Amazon, Amazon will a) send an e-mail to the "administrator" e-mail address, b) send a performance notification which can be viewed in Seller Central, and c) log an Account Health notice. These are three distinct and independent ways that Amazon logs account violations and notifies sellers of the account violation. Additionally, Amazon disables the infringing product listing, which sellers see in the Seller Central portal under the "Manage Inventory" section.

11. In the Chen Declaration, Liping Chen indicated that Defendant communicates with its customers directly through the Amazon account. [58-2] at ¶ 7. This in effect confirms that Defendant monitors the notifications it receives through Seller Central, because responding to consumer messages in Amazon requires going through Seller Central. Meaning, in the unlikely event that Defendant somehow operated the account without monitoring its "administrator" e-mail, it would have nonetheless seen the infringement notice. *See* Figure 1.



*Figure 1*

3

12. Regarding disbursements (payments from Amazon to sellers of due funds), Amazon's standard is to disburse funds every 2 weeks to sellers. When disbursements attempts are made, an e-mail is triggered and sent to the administrator e-mail address. In practice, this means the Defendant would be receiving e-mails every 2 weeks about its payments to its account. *See* Figure 2 as an example. Additionally, while sellers technically have the ability to manually select to receive disbursements, based on my knowledge and experience, sellers are not able to choose not to receive a disbursement and to delay it on purpose.



*Figure 2*

13. Based on the evidence I reviewed, my knowledge of Amazon's internal operations, and seller account operations, it is extremely unlikely, if not impossible that Defendant was not regularly monitoring its administrator e-mail and did not know about this. Moreover, it is highly implausible that Defendant did not receive any notice of either the lawsuit or its account being restrained in some form from Amazon, or that it was unaware that its account was restrained since January of 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this  9th  day of February 2025 at Grand Rapids, Michigan, 49506.

*Daven Brodess*
Daven Brodess