IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALLMARK LICENSING, LLC, | |
| Plaintiff, | Case No. 24-cv-00112 |
| v. | **Judge Elaine E. Bucklo** |
| DONGGUAN ORUI TOYS & GIFTS CO., LTD, et al., | **Magistrate Judge M. David Weisman** |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT**

Plaintiff Hallmark Licensing, LLC ("Plaintiff") moves this Honorable Court for leave to file a surreply to Defendant Kekeduck's (Def. No. 29) ("Defendant") Reply [65]. Defendant's Reply includes new arguments and evidence regarding whether service was accomplished that could have, and should have, been made in its Motion to Vacate Default Judgment [58]. Such tactics have repeatedly been condemned by the Seventh Circuit, and Plaintiff should have an opportunity to respond to these new arguments and evidence. Plaintiff's proposed surreply is attached hereto as **Exhibit A**. Alternatively, Plaintiff requests that Defendant's new arguments and evidence be stricken and not considered.

"[L]eaving for a reply brief new evidence and arguments that could and should have been in the opening brief is a stratagem that courts have frowned upon." *General Ins. Co. of Am. V. Clark Mall Corp.*, 2010 U.S. Dist. LEXIS 21978, at *11 (N.D. Ill. Mar. 10, 2010) (citing *United States v. Portis*, 542 F.2d 414, 418 (7th Cir. 1976) (condemning "gamesmanship in getting the last word"); *Cornucopia Institute v. U.S. Dept. of Agriculture*, 560 F.3d 673, 678 (7th Cir. 2009) (waiting until the reply brief is "too little, too late."). A moving party may not raise new issues in

1

its reply brief. *See Fasules v. D.D.B. Needham, Worldwide, Inc.*, 1989 U.S. Dist. LEXIS 10573, at *3-4 (N.D. Ill., Sept. 7, 1989); *Carnes v. MCI Telecoms. Corp.*, 1997 U.S. Dist. LEXIS 19574, at *9 (N.D. Ill., Dec. 4, 1997). "Replies are not to be used to 'patch holes' in the original briefing." *WM. Wrigley Jr. Co. v. Swerve IP, LLC*, 900 F. Supp. 2d 794, 797 (N.D. Ill. 2012). The proper remedy is striking the reply brief and deciding the underlying motion on the original motion and the response, rather than imposing the cost of filing additional briefs. *See Ace Novelty Co., Inc. v. Vijuk Equipment, Inc.*, 1991 U.S. Dist. LEXIS 10713, at *10 (N.D. Ill. July 30, 1991).

In its opening Motion, Defendant did not dispute whether it received notice from Amazon (which would have included the case number and Plaintiff's counsel's contact information). Instead, Defendant stated that its e-mail address is "not monitored" and that after it spoke with its counsel, Defendant could not locate Plaintiff's e-mails. [58-2] at ¶¶ 7, 10. For the first time in its Reply [65], Defendant now argues that Plaintiff's service of process e-mail and at least seven additional e-mails were not received due to China's "Great Firewall of China." [65] at 4-5.

Defendant could have, and should have, made these arguments in its Motion to Vacate Default Judgment [58]. The Seventh Circuit has been clear that issues must be raised in opening briefs and must be developed through argument supported by legal authority. *See Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 758 (7th Cir. 2012); *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011); *Boomer v. AT&T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002). Defendant initially argued that its e-mail inbox was "not monitored" and that it looked for Plaintiff's e-mails later and could not locate, but now advances the new argument that the e-mails were blocked for the first time in its Reply. *Murphy v. Vill. of Hoffman Ests.*, No. 95 C 5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999) ("it is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."). This practice should not be

rewarded and Plaintiff should be granted leave to file a surreply to address these new arguments and evidence. Alternatively, Plaintiff respectfully requests that the Court disregard and strike any argument or references to the "Great Firewall of China" blocking Plaintiff's e-mails. *See Ace Novelty Co., Inc. v. Vijuk Equipment, Inc*., 1991 U.S. Dist. LEXIS 10713, at *10 (N.D. Ill. July 30, 1991).

Dated this 4th day of March 2025.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Jennifer V. Nacht
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
jnacht@gbc.law

*Counsel for Plaintiff Hallmark Licensing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

                                                /s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Jennifer V. Nacht
Greer, Burns & Crain, Ltd.
200 West Madison, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
jnacht@gbc.law

*Counsel for Plaintiff Hallmark Licensing, LLC*