**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

-----------------------------------------------------------------------X

HALLMARK LICENSING, LLC,

                    Plaintiff,

                                           Case No.: 24-cv-00112

      v.

THE PARTERNSHIPS and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

                    Defendants.

-----------------------------------------------------------------------X

## DEFENDANT'S OPPOSITION PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY [66]

Defendant kekeduck ("Defendant"), by and through their undersigned attorneys, respectfully submits this opposition to Plaintiff's motion for leave to file surreply [ECF No. 66] on the grounds that arguments raised in Defendant's Reply [ECF No. 65] were appropriate responses to issues raised by Plaintiff in its Response [ECF No. 62] and do not constitute new arguments. Additionally, the request to strike Defendant's arguments is unwarranted under Illinois law.

Plaintiff argues that Defendant improperly raised a new argument in its Reply regarding the impact of Chinese internet restrictions, including the "Great Firewall of China", on the receipt of Plaintiff's service emails. However, Defendant's arguments were properly presented in response to Plaintiffs contentions.

**First**, Plaintiff's motion does not comply with the local rules or procedural requirements. Judge Bucklo's standing order regarding motion practice states "Moving counsel shall attempt to learn whether there is an objection and shall note whether the motion is unopposed." However, Plaintiff filed its motion for leave without meeting and conferring with the undersigned counsel. Indeed, Plaintiff did not even contact Defendant's counsel to attempt to meet and confer.

**Second**, "**[a] surreply is generally disfavored**," even though courts have discretion to allow a surreply when it is necessary to address new arguments or evidence raised in a reply brief or when it responds to new developments in the law. *OrthoPediatrics Corp. v. Wishbone Medical, Inc.*, No. 3:20-CV-929 JD, 2021 U.S. Dist. LEXIS 164796, at *10 (N.D. Ind. Aug. 31, 2021) (the court denied plaintiff's leave to file a surreply as "they neither responded to new arguments and evidence raised in the [d]efendants' reply nor to new devleopments in the law.") (internal citations omitted) (emphasis added).

In this case, the Plaintiff had an ample opportunity to present their argument and address the service issue. "[D]enial of a motion to file a surreply is appropriate when the movant has had the opportunity to thoroughly brief the issues." *University Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *Destiny Health, Inc. v. Conn. Gen. Life Ins. Co.*, 741 F. Supp. 2d 901, 911 (N.D. Ill. 2010)). "Moreover, there simply is no need for a surreply when '[e]ach brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it.' *Id.* (quoting *Franek v. Walmart Stores, Inc*, No. 08-CV-0058, 2009 U.S. Dist. LEXIS 20361, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (the court found that each parties had an adequate opportunity to present their arguments – and, in fact, did so in cogent fashion. The court concluded that no additional briefing, including a surreply brief, will be necessary).

**Third**, Defendant's argument is a direct response to Plaintiff's position on service of process. "New arguments and evidence may not be raised for the first time in a reply brief.... However, **a party may expand upon and clarify arguments in its reply brief**." *Eddington v. United States*, No. 3:22-cv-2001-DWD, 2024 U.S. Dist. LEXIS 193015, at *8 (S.D. Ill. Oct. 23, 2024) (quoting *PalatiumCare, Inc. v. Notify LLC*, No. 22-CV-217-JPS, 2023 U.S. Dist. LEXIS 64802, at *10 (E.D. Wis. Apr. 13, 2023)) (internal citations omitted) (emphasis added).

Courts in this District have recognized that replies may properly address arguments raised in opposition. For example, in *Dillard,* the court denied plaintiff's motion to strike on the grounds that "where a reply affidavit responds to matters placed in issue by the opposition brief and does not raise new evidence, this court is entitled to consider it." *Dillard v. Ron Weber & Associates*, No. 96 C 50375, 1999 U.S. Dist. LEXIS 641, at *3 (N.D. Ill. Jan. 22, 1999) (quoting

*Beck v. University of Wisconsin Board of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996) (internal

citations omitted)). *See also Kolody v. Simon Marketing*, 97 CV 0190, 1998 U.S. Dist. LEXIS

14229, at *3-4 (N.D. Ill. Sep. 2, 1998) ("where the reply affidavit merely responds to matters

placed in issue by the opposition brief and does not spring upon the opposing party new reasons

for the entry of summary judgment, reply papers -- both briefs and affidavits -- may

properly address those issues.")

Plaintiff's opposition argued that it properly served Defendant via email and that because

the service email did not "bounce-back" from Defendant's e-mail address, Plaintiff implies that

Defendant must have received those communications. [ECF No. 62], at page 3. In response,

Defendant provided potential reasons and contexts why the lack of a "bounce-back" does not mean

that Defendant received the emails, namely China's known strict internet filtering system. [ECF

No. 65 at 4-5] Indeed, as Defendant pointed out in reply to Plaintiff's argument, Plaintiff did not

include in its declarations that it requested or received a "read receipt." [ECF No. 65 at 5]. This

was a fair reply to an argument in Plaintiff's opposition. To be clear, Defendant stated in its

Reply: "Defendant does not and cannot know if [China's internet filtering system silently rejected

emails] is what happened here, but it does know based on a diligent search that the emails could

not be located." [ECF No. 65 at 13]. Defendant did not introduce an entirely new issue or basis

for granting its motion but instead responded to Plaintiff's claim that Defendant must have

received the emails.

**Fourth**, Plaintiff incorrectly claims that it was "sandbagged" by Defendant's Reply [ECF

No. 66], at page 2. Plaintiff first raised the issue of the effectiveness of service in its Response

[ECF No. 62], at pages 10 -11, and implied that no "bounce back" meant that Defendant must have

received the email.   Defendant's replying to that argument is not "sandbagging" but rather a fair response to an issue raised by Plaintiff in its opposition brief.   In addition, Plaintiff's assertion that Defendant's argument about the Great Firewall of China is speculative and unsupported is not a valid basis for filing a surreply.   The fact that Plaintiff disagrees with this explanation does not justify additional briefing, especially when Defendant's argument has been that it never received the emails in the first instance.   Plaintiff is not entitled to a surreply simply because it seeks to have the last word on this issue.

**Finally**, granting Plaintiff leave to file a surreply would only lead to further unnecessary briefing and delay resolution of the underlying motion.   Courts routinely reject such tactics when they serve no legitimate purpose.   *See Franek*, 2009 U.S. Dist. LEXIS 20361, at *19 n.14 (N.D. Ill. Mar. 13, 2009).   This is especially true in this case where Defendant's discussion about the Great Firewall of China is to provide potential reason to explain how Plaintiff may not have received a "bounce back" and Defendant did not receive the emails.   Defendant's argument, supported by the declaration of its Operation Manager, Liping Chen, is that Defendant conducted a diligent search for Plaintiff's emails and could not locate them.   [ECF No. 58-2 (Chen Decl) at ¶ 10].   Defendant makes clear in its reply brief that it does not know why Defendant did not receive Plaintiff's email (ECF No. 65 at pp. 4-5, 13), it only knows that it did not receive them.

In conclusion, Plaintiff failed to comply with the procedural requirements before filing its motion; has not demonstrated that a surreply is warranted because Defendant's arguments in its Reply were direct and appropriate responses to Plaintiff's opposition and did not constitute new

arguments. Allowing a surreply under these circumstances would only cause unnecessary delay and inefficiency.   Plaintiff's motion for leave to file a surreply should be denied.

Dated:   March 12, 2025                                   Respectfully Submitted,


   */s/ Anthony H. Son*            
Anthony H. Son, Esq. (Bar No. 46465146)
*Of Counsel*
Email: ason@dgwllp.com
DGW KRAMER LLP
45 Rockefeller Plaza, 20th Floor;
New York, NY 10111
Tel: (213)592-1908
*Attorneys for Defendant kekeduck (29)*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 12, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's electronic case filing system.    Any other counsel of record, if any, will be served by first class mail.

*/s/ Anthony H. Son*

Anthony H. Son
